IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KRISTI NEWMYER, | ) | CASE NO.: 8:24-cv-00191 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLSTATE PROPERTY AND | ) | |
| CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CONFIDENTIALITY AGREEMENT AND</u>**
**<u>CONSENT PROTECTIVE ORDER</u>**

It is hereby stipulated and agreed by and between the respective parties hereto and their counsel and ordered by the Court, that:

1. This Confidentiality Agreement and Consent Protective Order (hereinafter sometimes referred to as the "Agreement" and the "Protective Order") shall govern discovery in the above captioned litigation.

2. This Agreement governs the production and handling of documents and other confidential information produced by the parties in this matter.

3. A party producing materials in response to a discovery request (hereinafter the "Producing Party"), shall mark, label, or stamp the document as "CONFIDENTIAL" on the face of the document. The "Confidential" stamp will not obliterate or obfuscate any information on the document.

4. Notwithstanding the designation of responsive materials as "Confidential," the restrictions of this Protective Order shall not apply to materials that are:

    A. Otherwise publicly available; or

    B. Provided to one or more of the parties from a source other than the Producing Party provided that such source did not:

        1. Receive the materials in question or the information contained

therein under any confidentiality or other restriction; or

2. Provide the material in question or the information contained therein to the Producing Party under such restriction.

5. The parties specifically agree that:

Submission of any and all reference materials, operation guides, training materials, guidelines, procedures, policies, handouts, manuals, outlines, and articles, internal newsletters, bulletins, publications, and memoranda relating to policies and procedures for claim handling, including but not limited to the Claims Handling Manul of Allstate Fire and Casualty Insurance Company, created or used by Allstate Fire and Casualty Insurance Company relative to claim handling, price estimating, and/or evaluation practices or the instructing, guiding, training, overseeing, or supervising personnel, to be submitted upon execution of this agreement and entry of same by order of the court, shall be produced confidentially, subject to challenges as provided herein as to their confidential nature.

Additional documents may be produced pursuant to the terms of this stipulated Protective Order only upon agreement of counsel for all parties or Court order.

6. The parties agree to work cooperatively and in good faith to resolve any dispute as to the production of Confidential Information under this Order.

7. In the event that a party to this agreement objects to or disagrees with the Producing Party's designation of any item as confidential and subject to this Protective Order, that party shall send a written notice to counsel for the Producing Party specifying the item(s) in question. If an agreement cannot be reached concerning the confidentiality of the item(s), the Producing Party shall timely file a motion with the Court seeking a determination whether the item(s) is in fact subject to this Protective Order. The burden of persuading the Court that the Confidentiality designation is proper shall remain with the Producing Party. Any item(s) in dispute shall continue to be treated as Confidential and subject to this Protective Order until such time as the Court rules that it is not.

8. Designation of responsive materials produced in a non-paper media or electronic form (e.g. video or audio recordings, computer disks, computer hard drives, thumb drives, etc.) may be made by any means practicable, including producing the materials in an envelope or container marked "CONFIDENTIAL," or by making the Confidential designation in the text of a transmittal email or message accompanying a drop box containing such materials.

9. Access to all materials designated Confidential and produced for inspection or received in this lawsuit shall in the first instance be limited to counsel of record for the named parties, in-house counsel and the firms of counsel of record, including any employees of in-house counsel and/or firms of counsel of record.

10. Responsive materials designated as Confidential also may be shown by the Receiving Party to:

   a. The parties to this action, including such employees, agents and/or representatives of the parties as are necessary for the prosecution or defense of this litigation;

   b. Any expert (including both consulting and/or testifying experts);

   c. Any person testifying at a deposition or at any hearing in this litigation, provided that questioning that person about confidential materials is within the scope of the Rules of Civil Procedure;

   d. Any disclosure to any such persons as set forth in paragraphs 5(a)–(c) above shall be made only upon the following terms and conditions:

      i. Such persons must agree to abide by the terms of this Confidentiality Agreement and Consent Protective Order as evidenced by his or her signature on the form annexed hereto as Exhibit A ("Agreement Concerning Material Covered By the Confidentiality Agreement and Consent Protective Order"). Counsel shall maintain each executed Agreement Concerning Material Covered by the

Confidentiality Agreement and Consent Protective Order and provide true and correct copies of all such Agreements Concerning Material Covered By the Confidentiality Agreement and Consent Protective Order upon request of the other party. Should a non-party deponent decline to execute the Confidentiality Agreement, the parties will work together to find an alternative means of protecting confidential information, such as redaction.

11. All responsive materials designated as Confidential shall be used by the party receiving such materials (hereinafter the "Receiving Party") solely for the purposes of conducting this litigation. The material designated Confidential may be used by either party for any appropriate purpose at trial or other hearing, subject to evidentiary objections, if any, and for any legitimate purpose during discovery. The Receiving Party and all persons acting by, through, or on behalf of the Receiving Party of material designated Confidential pursuant to the terms of this Protective Order are prohibited from using such designated materials for any purpose other than for purposes of this litigation.

12. Any party seeking to tender, submit, or file Confidential information with the Court under restricted access shall, after conferring with opposing counsel, submit a motion to file under restricted access explaining the nature of the documents to be filed under seal and the reasons filing under seal is necessary. The parties will work together to find alternative means of protecting confidential information, such as redaction.

13. The parties agree that within the expiration of six months after the conclusion of the litigation of this matter, including all appeals, all Confidential discovery materials shall be either destroyed or returned with all reproductions of such materials to the Producing Party.

14. This Agreement has no effect upon, and its scope shall not extend to any party's use of its own Confidential information.

15. The inadvertent failure of a Producing Party to designate responsive materials as Confidential shall not be deemed to be a waiver of the party's right to so designate such materials and correct any inadvertent failure to designate any material as Confidential. However, any disclosure of any materials prior to its designation as Confidential will not be deemed a violation of the Protective Order.

16. The production of such documents and confidential information shall not constitute a waiver of any privilege or other claim or right of withholding or Confidentiality that it may have.

17. Entering into, agreeing to and/or producing materials or otherwise complying with the terms of this Agreement shall not:

   a. Prejudice in any way the rights of the Producing Party to object to the production of documents it considers not subject to discovery; or

   b. Prejudice in any way the rights of a party to seek a determination of whether particular discovery materials should be produced.

18. No part of the restrictions imposed by this Protective Order may be terminated, except by written agreement executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The termination of this litigation shall not automatically terminate this Protective Order.

19. The parties agree that this Protective Order may be executed in a number of counterparts, each of which shall be considered an original instrument, but all of which together shall be considered one and the same instrument.

It is SO ORDERED, this the 21st day of May, 2025.

_____
Michael D. Nelson
United States Magistrate Judge

Prepared and submitted by:

*/s/ Jacqueline F. Tabke*
Nolan, Olson & Stryker, P.C., L.L.O.
444 Regency Parkway Dr., Suite 109
Omaha, Nebraska 68114
(402) 932-5126
Jacqueline F. Tabke. #25575
Leslie S. Stryker Viehman, #25556
jtabke@nolanolson.com
leslie@nolanolson.com


APPROVED AS TO FORM AND CONTENT:


 */s/ Shay F. Jaume*
Shay F. Jaume, La. Bar No. 39922
Carrie K. Gaines, NE #26200
Hair, Shunnarah Trial Attorneys
3001 South 17th St.
Metairie, LA 70002
sjaume@hstalaw.com
cgaines@hstalaw.com
Attorneys for Plaintiff